IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACK McCRAY,                                  )
                                             )
                    Plaintiff,               )
                                             )
        v.                                   )        Case No. 12-2188-JWL
                                             )
STATE OF KANSAS,                             )
DEPARTMENT OF REVENUE and                    )
NICK JORDAN, Secretary,                      )
                                             )
                    Defendants.              )
                                             )
_____)

## MEMORANDUM AND ORDER

This matter is presently before the Court on plaintiff's motion to amend his complaint (Doc. # 13) and defendants' motion to dismiss (Doc. # 11). The motion to amend is **granted**. The motion to dismiss is **granted in part and denied in part**. The motion is granted with respect to plaintiff's equal protection claim under the Fourteenth Amendment as it relates to the requirement of an interlock device during plaintiff's restricted period, and with respect to plaintiff's claim under the Kansas Constitution. The motion is otherwise denied.

### I.    Motion to Amend

By his original complaint, plaintiff alleges as follows:  Plaintiff has been diagnosed with Chronic Obstructive Pulmonary Disease (COPD), a condition that

hinders his ability to breath and causes him "to have diminished forced expiratory volume," but which does not interfere with his ability to operate a motor vehicle.  On July 14, 2011, the Kansas Department of Revenue (KDOR), pursuant to K.S.A. § 8-1014(b), suspended plaintiff's driver's license and further imposed a period when plaintiff's driving privileges were restricted to driving a vehicle with an ignition interlock device.  The initial period of suspension has expired, and plaintiff's restricted period has therefore begun.  The ignition interlock device requires a breath sample of a certain volume for operation of the vehicle.  Because of his COPD, plaintiff cannot operate an ignition interlock device, and providers of the device have therefore refused to install such a device for plaintiff.  Plaintiff has brought this suit against KDOR and its secretary, alleging that defendants have discriminated against him on the basis of his disability in violation of the federal Americans with Disabilities Act (ADA) and the federal Rehabilitation Act.  Plaintiff also alleges a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as well as a violation of the Kansas Constitution's equal protection guarantee.  Plaintiff asserts his federal claims pursuant to 42 U.S.C. § 1983.

On June 19, 2012, defendants moved to dismiss plaintiff's complaint.  On July 9, 2012, plaintiff filed a response to that motion, but he also filed that day a motion to amend his complaint.  In that motion, plaintiff states that his proposed amended complaint "address[es] Defendants' concerns [from the motion to dismiss] with greater specificity than is in the original complaint."  In the proposed amended complaint,

plaintiff further alleges that defendants regulate, approve, and certify interlock ignition providers and devices; and that "Defendants are excluding and denying Plaintiff from gaining the benefits of the restricted driving period by requiring him to use a device that he cannot operate due to his disability."

Defendants oppose the motion to amend. Fed. R. Civ. P. 15(a)(1), however, allows plaintiff to amend his original complaint once as a matter of course, without defendants' consent or leave of this Court, within 21 days after defendants filed their motion to dismiss. Accordingly, plaintiff's motion to amend is granted, and plaintiff shall file his proposed amended complaint forthwith.

The filing of the amended complaint would ordinarily moot defendants' motion to dismiss. Plaintiff did respond to the motion to dismiss, however, and defendants have addressed the new allegations in their reply brief. Accordingly, for the sake of efficiency and because both parties have had the opportunity to address the new allegations, the Court will consider defendants' motion to dismiss as addressed to plaintiff's amended complaint.

## II.    **Motion to Dismiss**

Plaintiff's amended complaint may be divided into two basic claims. First, plaintiff claims that KDOR will not fully reinstate his license after the expiration of his period of restriction if he has not obtained installation of an interlock device, and that such refusal would be wrongful under various statutes and constitutional provisions.

3

Second, plaintiff claims that KDOR's requirement of an interlock device during his restricted period is wrongful. The Court addresses those two claims, alleged as violations of the ADA and the Rehabilitation Act, in turn.

A.   *Reinstatement After Period of Restriction*

Plaintiff claims that because he cannot show the installation of an interlock device in his vehicle, he will be unable to have his license reinstated even after the expiration of the restricted period. He points to notices from KDOR that state as follows: "You must keep the ignition interlock device installed for the entire restriction period, from the date of installation, before your driving privileges can be fully reinstated."

Defendants seek dismissal of this claim, on the basis of their argument that the applicable statutes grant plaintiff the option of simply waiting out the restricted period without installing an interlock device, as if he were still under suspension, after which time his license would be reinstated. Based on that interpretation, defendants argue that there is no risk of a permanent suspension as alleged by plaintiff, and thus, that there is no present case or controversy here as required by Article III of the United States Constitution.

K.S.A. § 8-1014(b) compels KDOR to suspend and restrict a driver's license for any test refusal, test failure, or alcohol- or drug-related conviction. Depending on the circumstances, this statute orders KDOR to suspend driving privileges for a period of time, and at the end of that period, to restrict the person's driving privileges for a period of time to driving only a vehicle with an interlock device. By itself, this language

4

appears to limit KDOR's authority to restrict driving privileges only during the post-suspension restricted period, and not after that time has expired.  Thus, KDOR would not be able to refuse to reinstate the license of a person who chooses not to drive during the restricted period.

The following section, K.S.A. § 8-1015, which addresses interlock devices, injects some uncertainty, however.  Section 8-1015(d) provides as follows:

> Whenever an ignition interlock device is required by law, such ignition interlock device shall be approved by the division and maintained at the person's expense.  Proof of the installation of such ignition interlock device, for the entire period required by the applicable law, shall be provided to the division before the person's driving privileges are fully reinstated.

This provision (from which the language in plaintiff's notices is apparently derived), on its face, seems to indicate that KDOR will not fully reinstate a person's driving privileges at the end of the restricted period unless the person has had an interlock device installed.  That interpretation is supported by the requirement that the interlock device must have been installed for the entire restricted period.  This language creates at least some ambiguity on this question and thus gives credence to plaintiff's fear that he may never be able to obtain full reinstatement if he does not have an interlock device installed.

Defendants insist in this suit that they do not have the power to refuse to reinstate plaintiff's driving privileges if he does not obtain an interlock device, but defendants have certainly not bound themselves to that position in any way, or otherwise taken steps

to ensure that such refusal will not occur.  In fact, defendants argue in their brief that although the statutes give KDOR the authority to promulgate rules that would allow it to refuse to reinstate drivers who fail to obtain an interlock device, it has not yet done so. That argument indicates that KDOR believes that it could promulgate such a rule in the future.  Indeed, KDOR's notices indicate that it will not reinstate plaintiff's license if he does not obtain an interlock device.[1]  Accordingly, by virtue of the notices to plaintiff, there is an actual controversy here of sufficient immediacy to create a case or controversy for the Court's consideration.  *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (Article III of the Constitution requires a substantial controversy of sufficient immediacy and reality).  The Court therefore denies this basis for dismissal asserted by defendants.

In their only other argument for dismissal of this claim, defendants argue that plaintiff's problem is with the vendors who will not install the device for plaintiff, and that those vendors bear any responsibility or liability to plaintiff.  The Court rejects this argument as a basis for dismissal at this time.  Plaintiff has sufficiently alleged that KDOR controls the vendors through its certification regulations, and plaintiff is entitled to attempt to show that the vendors' decisions were effectively controlled by KDOR.

---

[1]Plaintiff states in his brief that KDOR has always interpreted the statutes as requiring proof of an interlock device before full reinstatement, that KDOR's administrative judges "are candid in informing subjects of this interpretation," and that DUI defense practitioners are aware of this policy of KDOR.  Plaintiff has not supported these statements with evidence, however, and the Court therefore has not considered them.

Moreover, plaintiff is further entitled to attempt to show that, if he is required to obtain the device simply to allow for full reinstatement in the future despite an inability to use the device, such requirement discriminates against him on the basis of his disability in violation of the ADA.  Accordingly, the Court denies defendants' motion to dismiss this claim under the ADA and the Rehabilitation Act.

*B.*     <u>*Reasonable Accommodation During Period of Restriction*</u>

As stated in the amended complaint, plaintiff also alleges that defendants have violated the ADA and the Rehabilitation Act by requiring during the restricted period the use of a device that plaintiff cannot operate because of a disability.  Thus, plaintiff effectively claims that he should be allowed some accommodation so that, like other drivers, he may drive during the restricted period.

Defendant seeks dismissal of this claim pursuant to Fed. R. Civ. P. 12(b)(6).  The Court will dismiss a cause of action for failure to state a claim under Rule 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

To succeed on his claim under Title II of the ADA, plaintiff must prove that he is a qualified individual with a disability; and that he was excluded from participation in or denied the benefits of a public entity's services, programs or activities, or otherwise discriminated against, by reason of the disability.  *See Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999); 42 U.S.C. § 12132.  A "qualified" individual is one who "meets

7

the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).  Because the ADA is at least as broad in scope as the Rehabilitation Act, *see Bragdon v. Abbott*, 524 U.S. 624, 632 (1998), the parties agree that plaintiff's claim under the Rehabilitation Act cannot survive if his claim under the ADA is dismissed.

Defendants argue that they should not be required to depart from the statutory scheme and that plaintiff is not a qualified individual under the ADA.  Defendants cite only two cases in seeking dismissal on this basis, however, and neither mandates dismissal here.  First, in *Bailey v. Anderson*, 79 F. Supp. 2d 1254 (D. Kan. 1999) (Rogers, J.), the court granted the defendant summary judgment, ruling that the KDOR was permitted to impose an instruction requirement in order to test whether the plaintiff was in fact qualified to operate a motor vehicle despite a vision problem.  *See id.*  That case is procedurally inapposite, as no evidence has yet been presented in this case. Moreover, plaintiff's disability does not affect his ability to operate a motor vehicle.  He has completed his period of suspension; thus, he is eligible for a period of restricted driving privileges.

Second, in *Johnson v. Commonwealth Department of Transportation*, 805 A.2d 644 (Pa. Commw. Ct. 2002), the driver was ruled not to be a qualified individual under the ADA because his DUI conviction made him ineligible for a driver's license.  *See id.* Again, however, the cited case is distinguishable because plaintiff has completed his period of suspension.  Plaintiff is not seeking permission to drive during a period when,

8

were he not disabled, his driving would otherwise be forbidden.

Defendants argue that any accommodation in variance of the statutory requirement of an interlock device would defeat the purpose of the requirement, and that plaintiff is essentially asking to be treated better than those without disabilities. As defendants note, however, the purpose is to ensure that a person does not drive while under the influence of alcohol or drugs, and the Court cannot say as a matter of law, at this stage of the litigation, that there is no way for KDOR to accommodate plaintiff's disability with some other means of allowing plaintiff to drive after some verification of his sobriety. In that way, plaintiff would not be seeking preferential treatment, but merely seeking a way to enjoy restricted driving privileges just as others do. Plaintiff may face an uphill battle in showing that some reasonable accommodation is possible in his case, but the Court cannot say, at this stage, that he is not entitled to pursue such a claim as a matter of law. Accordingly, defendants' motion to dismiss is denied with respect to plaintiff's claims under the ADA and the Rehabilitation Act to the extent that those claims relate to his driving during the restricted period.[2]

### C.    *Federal Equal Protection*

Defendants argue that plaintiff does not state a claim for a violation of the Fourteenth Amendment's Equal Protection Clause. Defendants rely on *Board of*

---

[2]The Court notes that, among the relief requested in the amended complaint, plaintiff requests an order requiring full reinstatement of his license. Because his claims survive in some form, however, the Court will not rule on the availability of that remedy at this time.

*Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001), in which the Supreme Court held that "States are not required by the Fourteenth Amendment to make special accommodations for the disabled, as long as their actions toward such individuals are rational;" that States may impose requirements "which do not make allowance for the disabled;" and that "[i]f special accommodations for the disabled are to be required, they have to come from positive law and not through the Equal Protection Clause." *Id.* at 367-68. Defendants argue that the interlock requirement clearly has a rational basis, in that it is intended to ensure that restricted drivers do not operate a motor vehicle during the period of restriction while under the influence of alcohol or drugs.

Plaintiff's only response to this argument is that "forcing disabled individuals to undergo permanent suspension (rather than simply allowing them to serve the restriction period as a suspension) is not rationally related to that legitimate state interest [of deterring drunk driving]." Thus, plaintiff argues in favor of this claim only as it relates to the issue of a permanent suspension (the first claim discussed above). Plaintiff has not offered any argument why the requirement of an interlock device during the restricted period (the subject of the second claim discussed above) is not rationally related to defendants' interest in deterring drunk driving; nor has plaintiff addressed the Supreme Court's holding in *Garrett*, which forecloses the possibility of a Fourteenth Amendment claim based on defendants' refusal to accommodate plaintiff's disability. The Court concludes as a matter of law that the interlock requirement does have a rational basis. Accordingly, plaintiff's Fourteenth Amendment claim relating to the requirement of an

interlock device during the restricted period is dismissed.

Defendants have not sufficiently addressed this constitutional claim as it relates to the issue of a permanent suspension in the absence of an interlock device. Thus, the Court cannot say at this time whether a future refusal to reinstate plaintiff would have a rational basis.

Defendants also argue that plaintiff's Fourteenth Amendment claim is barred by the Eleventh Amendment because Congress has prescribed a detailed remedial scheme in enacting the ADA. *See Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1260 (10th Cir. 2002) (noting exceptions to *Ex Parte Young* doctrine allowing suits for prospective injunctive relief against state officers). Defendants have not provided any authority for the proposition that the enactment of the ADA precludes a Fourteenth Amendment claim. Indeed, as set forth above, defendants make the point that plaintiff may not seek accommodations for his disability through a Fourteenth Amendment claim, but must show the lack of a rational basis for the state official's action generally. Thus, plaintiff does not seek an accommodation by this Fourteenth Amendment claim (the subject of part of his ADA and Rehabilitation Act claims); rather, he argues that there is no rational basis for refusing to reinstate driving privileges of a driver who does not obtain an interlock device during the restricted period. Defendants have not shown that such a claim may not be pursued by plaintiff.

Finally, defendants argue that plaintiff should have pursued any such constitutional challenge in his underlying criminal case. The Court cannot say, however,

11

that plaintiff's license suspension and the application of K.S.A. §§ 8-1014 and 8-1015 were part of plaintiff's sentence. As an initial matter, defendants have not provided any records of plaintiff's actual conviction and sentence. Moreover, the restrictions here were imposed by KDOR in an administrative process pursuant to the cited statutes; while a certain type of conviction is a triggering event under the statutes, those statutes do not suggest that their application is part of the sentence imposed by the court for the underlying conviction. Finally, as plaintiff points out, no case or controversy arose until KDOR sent the notices to plaintiff of the restrictions, which evidenced KDOR's apparent intent to refuse full reinstatement to plaintiff until he obtained an interlock device. Therefore, the Court rejects this argument, and it denies defendants' motion to dismiss as it pertains to this particular claim under the Fourteenth Amendment.

### D.   *State Law Claim*

The Court agrees with defendants that plaintiff's claim for a violation of state law is barred by the Eleventh Amendment. *See Johns v. Stewart*, 57 F.3d 1544, 1559 (10th Cir. 1995) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 104-06 (1984)).[3] Thus, the Court also dismisses plaintiff's claim for a violation of the Kansas Constitution.


IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion to

---

[3]Plaintiff did not respond to this argument by defendants.

amend his complaint (Doc. # 13) is **granted**, and plaintiff shall file the proposed amended complaint forthwith.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's motion to dismiss (Doc. # 11) is **granted in part and denied in part**.  The motion is granted with respect to plaintiff's equal protection claim under the Fourteenth Amendment as it relates to the requirement of an interlock device during plaintiff's restricted period, and with respect to plaintiff's claim under the Kansas Constitution.  The motion is otherwise denied.

IT IS SO ORDERED.

Dated this 30th day of August, 2012, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge